**In re PRECIOUS DIAMONDS, INCORPORATED.**

**Appeal No. 80–540.**

United States Court of Customs and Patent Appeals.

Dec. 18, 1980.

---

Andrew J. Cornelius, Pittsburgh, Pa., for appellant.

Joseph F. Nakamura, Sol., Jeffrey H. Kaufman, Trademark Atty., Fred E. McKelvey, Associate Sol., Washington, D. C., for Patent and Trademark Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

MILLER, Judge.

This appeal pursuant to 15 U.S.C. § 1071(a) is from a decision of the Commissioner of Patents and Trademarks, acting through the Assistant Commissioner for Trademarks ("Commissioner"), denying appellant's petition to review the decision of the Post-Registration Examiner refusing to accept appellant's alleged declaration under section 8 of the Lanham Act[1] filed October 12, 1978. We affirm.

Appellant registered "PRECIOUS" as a trademark for diamonds and diamond rings on the Supplemental Register on October 17, 1972. The October 12, 1978, declaration[2] states that "DAVID K. FINKEL, II, ["Finkel"] declares that he is a citizen of the United States, dba PRECIOUS DIAMONDS, INC. ["Precious"]" and "that he owns Registration No. 945,486." It was signed by Finkel dba Precious. The Patent and Trademark Office withheld acceptance of the declaration because its records indicated that title was held by Precious and not Finkel dba Precious. After the statutory deadline prescribed by section 8, appellant filed a declaration executed by Finkel as its president. The examiner refused to accept this as untimely. Appellant's petition to the Commissioner for acceptance of

---

**1.** 15 U.S.C. § 1058 provides in pertinent part:
    (a) Each certificate of registration shall remain in force for twenty years: *Provided*, That the registration of any mark under the provisions of this chapter [15 USC 1051 et seq.] shall be canceled by the Commissioner at the end of six years following its date, unless within one year next preceding the expiration of such six years the *registrant* shall file in the Patent and Trademark Office an affidavit showing that said mark is still in use or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. Special notice of the requirement for such affidavit shall be attached to each certificate of registration. [Emphasis supplied.]

**2.** Section 8 requires the use of an affidavit. In this case, a declaration was used in lieu of an affidavit as permitted by 35 U.S.C. § 25 which provides:
    Declaration in lieu of oath
    (a) The Commissioner may by rule prescribe that any document to be filed in the Patent and Trademark Office and which is required by any law, rule, or other regulation to be under oath may be subscribed to by a written declaration in such form as the Commissioner may prescribe, such declaration to be in lieu of the oath otherwise required.
    (b) Whenever such written declaration is used, the document must warn the declarant that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. 1001).
The Commissioner has prescribed rules permitting the use of declarations in lieu of affidavits. 37 CFR 2.20, 2.161, 2.145(a).

the October 12, 1978, declaration was denied, and the registration was cancelled.

The Commissioner concluded and the Solicitor argues that because the timely–filed October 12, 1978, declaration was submitted by an individual and not by the corporation, a separate legal entity, the declaration was not filed by "the registrant," and amendment of the declaration after the statutory deadline would be impermissible. Appellant characterizes the mistake as a "clerical error" and argues that the Commissioner's refusal to accept the October 12, 1978, declaration was an abuse of discretion. The Solicitor contends that the Commissioner "has no discretion to waive a requirement of a statute" and that Congress intended that a specific, rigid cutoff date be applied, citing the Commissioner's decision in *In re Kruysman, Inc.*, 199 USPQ 110, 111 (1977).

■ We do not agree with appellant that the mistake was a "clerical error." Appellant has presented no evidence of error in transcription or otherwise. At the same time, we recognize that the Commissioner does have discretion to provisionally accept a declaration or affidavit having a defective execution.[3] Also, we note that *Kruysman* involved a failure to file *any* affidavit (or declaration) within the statutory period and that the Solicitor has not cited any legislative history to support his interpretation of Congressional intent.

Appellant argues further that a technically defective declaration should be accepted if the legislative intent expressed by section 8 is not to be defeated, citing *Morehouse Manufacturing Corp. v. J. Strickland & Co.*, 56 CCPA 946, 407 F.2d 881, 160 USPQ 715 (1969). In *Morehouse*, the inadequacy of a section 8 affidavit was asserted as grounds for cancellation of a registration where it was shown that the particular specimen submitted with the affidavit was not the label in use at the time of filing the affidavit. Admittedly, the mark was used by the registrant, and the affidavit was otherwise in order. This court held that the affidavit was sufficient because section 8 requires only a *showing* that the mark is still in use and does not require submission of a specimen label. The court said:

It should be remembered that the purpose of section 8 affidavits is to remove from the register automatically marks which are no longer in use. *Failure* of registrants to file affidavits results in removal of such deadwood. The significant facts, therefore, are that an affidavit is filed and that a mark is actually still in use. Given the fact of continuing use, from which practically all of the user's substantive trademark rights derive, nothing is to be gained from and no public purpose is served by cancelling the registration of a technically good trademark because of a *minor technical defect* in an affidavit. [Footnote omitted; emphasis supplied.]

*Id.* at 954, 407 F.2d at 887–88, 160 USPQ at 720.

■ The failure of the registrant to file a declaration within the statutory period is not a "minor technical defect." Whereas the submission of a specimen label (as in *Morehouse*) is not a statutory requirement, the *timely* submission *by the registrant* of a declaration or affidavit is. Although we do not foreclose the possibility that, upon a sufficient showing, the term "registrant" in the statute might be more broadly construed to overcome a technical defect while, at the same time, meeting the legislative purpose, appellant has failed to provide such a showing here. The decision of the Commissioner is *affirmed.*

*AFFIRMED.*

---

3. We note that the parties have not argued the applicability of 35 U.S.C. § 26, which provides:

Effect of defective execution

Any document to be filed in the Patent and Trademark Office and which is required by any law, rule, or other regulation to be executed in a specified manner may be provisionally accepted by the Commissioner despite a defective execution, provided a properly executed document is submitted within such time as may be prescribed.

*See Ex parte Louisville & Nashville R. R.*, 171 USPQ 49 (Comm'r 1971).